15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary P. BARQUET, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-36889.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Dec. 7, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary P. Barquet, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. The petitioner was charged with murder in Oregon state court, and was sentenced to 75 months in prison after pleading guilty to the lesser included offense of first degree manslaughter. He challenges the sentence.
 
 
 3
 In his petition, Barquet maintains that he was denied effective assistance of counsel in negotiating his plea because his counsel failed to advise him that the 75-month sentence constituted a departure from the presumptive guideline sentence range for first degree manslaughter under Oregon law. He further alleged that his counsel was ineffective in failing to advise him of any appeal rights from the imposition of that sentence. In his petition, he sought correction of his sentence to no more than 60 months. The district court dismissed the petition, holding that the petitioner had procedurally defaulted by failing to present a timely claim to the Oregon state courts.
 
 
 4
 Even if counsels' failure to advise petitioner to challenge his sentence amounts to "cause" for the procedural default, he has not been prejudiced by the default, as required under Murray v. Carrier, 477 U.S. 478, 497 (1986), because he cannot succeed on his underlying Sixth Amendment habeas claim--he cannot show prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Counsel's failure to advise the petitioner that the agreed upon sentence was beyond the presumptive guideline range could not have deprived the petitioner of any right protected under state or federal law. The sentence was indisputably well within the statutory limits for first degree manslaughter. See Or.Rev.Stat. Secs. 163.118(2) & 161.605(1) (1991) (imposing a twenty-year maximum sentence for first degree manslaughter); see also Oregon State Sentencing Guidelines Board, Rules for the Implementation of Sentencing Guidelines, at Appendix 1 & Secs. 253-08-001 to -004 (1989) [hereinafter Oregon Guidelines] (giving trial court the discretion to impose a sentence of up to 120 months for first degree manslaughter). Moreover, had petitioner stood trial for murder, the crime with which he was charged, he faced a sentence of at least 120 months. Or.Rev.Stat. Sec. 163.115(b); Oregon Guidelines, supra, at Appendix 1. Importantly, petitioner does not contend that the plea itself was invalid or that he was deprived of his constitutional right to trial. He simply desires a different sentence than that which he bargained for.
 
 
 5
 The district court correctly dismissed the petition for writ of habeas corpus.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3